UNITED STATES, Appellee

v

ARTHUR W. PYBURN, Sergeant, U. S. Air Force, Appellant

No. 28,209

June 28, 1974

*Colonel William E. Cordingly* and *Captain Philip F. O'Neill* were on the pleadings for the Appellant, Accused.

*Colonel C. F. Bennett* and *Captain Fred W. Kuhn* were on the pleadings for the Appellee, United States.

### OPINION OF THE COURT

PER CURIAM:

Review was granted in this case on the issue whether the accused was denied a speedy trial. As the accused was held in pretrial confinement from April 6, 1972, until August 14, 1972, a period of time in excess of 90 days, the prosecution was obligated to rebut the presumption of a violation of Article 10, Uniform Code of Military Justice, 10 USC § 810, after the defense moved to dismiss the charge for denial of a speedy trial. United States v

Burton, 21 USCMA 112, 44 CMR 166 (1971).

The U S Air Force Court of Military Review held that the Government had carried the heavy burden of rebutting the presumption because a 2-month delay was encountered when real evidence was transmitted to the forensic laboratory of the United States Treasury Department for examination. United States v Pyburn, 47 CMR 896, 902-4 (AFCMR 1973). The Court of Military Review, over the dissent of Judge Chovanec, con-

cluded that "the results of the analysis were so necessary to the thorough evaluation of the charges against the accused, that the two months taken thereby should serve to extend the 3-month *Burton* rule by a like amount of time." *Id.* at 904. In dissent, Judge Chovanec argued:

> [A]ssuming the critical nature of the tests, it was stipulated that the evidence to be analyzed was not sent to the laboratory until 13 days after the accused had been confined. We are left to speculate what caused this initial delay, for it was not explained. More importantly still, the final results were not received until after the accused had been in confinement for two and one-half months and there is not the slightest indication of an effort to expedite them. One is inclined to wonder just how long the investigating officer would have waited for the test results, doing nothing else but wait, had they not been received when they were. In my judgment, the record bespeaks that the investigating officer was content with waiting until they were received in due course, whenever that might have been, notwithstanding the accused was under charges, was in confinement, and had consistently asked to be released or tried. This is not evidence of diligence, it is evidence of neglect.

*Id.* at 912. The two opinions below were also in disagreement as to whether the 32-day delay in preferring charges against the accused was justified under United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973), because some 40 to 50 other drug offense cases in addition to a normal workload were being processed at Westover Air Force Base.

■ We hold that the prosecution did not satisfactorily explain the 32-day delay in the preferring of charges against the accused who was undergoing pretrial confinement. A sharp increase in workload is not one of the "really extraordinary circumstances" which justify a departure from the 90-day norm. United States v Marshall, supra at 435, 47 CMR at 413. We agree that the Government's argument is "largely mooted by other evidence that the base legal office was augmented during this period with four or five judge advocates who were sent there on temporary duty for the purpose of assisting with the increased workload." United States v Pyburn, supra at 910 (dissenting opinion).

■ The crucial delay in this case, however, resulted from the 62 days it took for evidence to be analyzed in the forensic laboratory of another agency of the federal government. In this case of alleged rape in which the female victim was able to identify the accused but not able to say whether an act of sexual penetration occurred after she had been beaten unconscious, and because the medical evidence was marginal at best, we cannot seriously question the relevancy of a laboratory analysis of the real evidence involved. Nevertheless, other strong evidence of guilt was available to the Government, and we believe that the investigating officer was not compelled to await the laboratory results before completing the statutory duties required by Article 32, UCMJ, 10 USC § 832. We do find a lack of diligence on his part, as well as on the members of the prosecution, in their failure to justify this 62-day period of delay. Even where the prosecution does not exercise any direct control over the facility where evidence is analyzed, the duty of speedily trying the accused cannot be set aside by the unexplained slowness of another agency in analyzing and returning evidence. The 62-day delay associated with the laboratory analysis in this case was not a "really extraordinary circumstance" justifying the failure to try the accused within 90 days. United States v Marshall, supra at 435, 47 CMR at 413.

The decision of the U S Air Force Court of Military Review is reversed. The findings of guilty and the sentence are set aside, and the charges are dismissed.